IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VICTORIA WILLIAMS,**       ) | |
|     Plaintiff,       ) | |
| ) | |
| v.       ) | CIVIL ACTION 07-0325-WS-M |
| ) | |
| **AMERIQUEST MORTGAGE**       ) | |
| **COMPANY,**       ) | |
|     Defendant.       ) | |

_____

| | |
|---|---|
| **WM SPECIALTY MORTGAGE, LLC,**       ) | |
| ) | |
|     Plaintiff,       ) | CIVIL ACTION 07-0480-KD-B |
| ) | |
| v.       ) | |
| ) | |
| **VICTORIA WILLIAMS n/ka VICTORIA**       ) | |
| **JONES,**       ) | |
|     Defendant.       ) | |

**ORDER**

These matters are before the Court on plaintiff Victoria Williams' Motion for Consolidation of Cases (doc. 16) filed in Civil Action 07-0325-WS-M. In that Motion, Williams requested that these two overlapping actions be consolidated pursuant to Rule 42(a), Fed.R.Civ.P., on the grounds that both involve common questions of law and fact regarding alleged Truth-In-Lending Act violations and alleged wrongful foreclosure of her home. WM Specialty Mortgage, LLC, plaintiff in Civil Action 07-0480-KD-B, has filed a response in opposition to the proposed consolidation. The Motion is now ripe for disposition.

The Motion to Consolidate is governed by Rule 42(a), Fed.R.Civ.P., which affords a district court authority to order multiple actions consolidated "[w]hen actions involving a common question of law or fact are pending before the court." *Id.* The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th

Cir. 1977)).  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.  *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it").

After review of the parties' filings and the court files on both actions, the undersigned finds that consolidation is inappropriate for two reasons.  First, Civil Action 07-0325 is the subject of a Conditional Transfer Order entered by the Judicial Panel on Multidistrict Litigation on July 25, 2007.  Based on that Order, it appears highly likely that transfer of 07-0325 to the Northern District of Illinois for coordinated or consolidated pretrial proceedings in the action styled MDL No. 1715, *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation* is imminent.  In fact, Williams has asked that all proceedings in this District Court concerning 07-0325 be stayed pending final transfer to the MDL proceeding in Illinois.  Given the likelihood of transfer, it would be inefficient to consolidate issues pending between Williams and WM Specialty in 07-0480 with the MDL issues pending between Williams and Ameriquest in 07-0325.  After all, the MDL court was constituted to handle claims against Ameriquest, not claims involving WM Specialty.  To move the WM Specialty claims into 07-0325 would serve only to complicate the MDL court's task and delay resolution of those WM Specialty claims while the MDL litigation moves forward.  For these reasons, the interests of efficiency and judicial economy weigh against consolidating these actions at this juncture.

Second, review of the court file in 07-0480 reflects that on July 19, 2007, WM Specialty filed a Motion to Remand challenging the subject matter jurisdiction of this District Court.  Of course, subject matter jurisdiction for purposes of a motion to remand is gauged at the time of removal, so consolidation could not confer federal jurisdiction over 07-0480 if it were otherwise lacking.  *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of

removal."). This Court expresses no opinion as the merits of WM Specialty's Motion to Remand, which is pending before Judge DuBose in 07-0480; however, it is clearly premature even to consider consolidating 07-0480 with 07-0325 until after Judge DuBose has resolved the jurisdictional issues pertaining to the propriety of removal.

For these reasons, the Court exercises its discretion not to consolidate these actions pursuant to Rule 42(a), Fed.R.Civ.P. Williams' Motion for Consolidation of Cases (doc. 16) filed in both Civil Action 07-0325-WS-M and Civil Action 07-0480-KD-B is **denied**.

DONE and ORDERED this 2nd day of August, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE